J-S03016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ALBERTO PAGAN | |
| Appellant | No. 821 EDA 2015 |

Appeal from the PCRA Order February 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0105501-1998

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED MAY 03, 2016**

Alberto Pagan appeals *pro se* from the order entered on February 17, 2015, in the Court of Common Pleas of Philadelphia County, that denied his third petition for post-conviction collateral relief.[1, 2]  Pagan seeks relief from

_____

[1] **See** Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541–9546.

[2] We note that the PCRA court dismissed the PCRA petition on February 17, 2015, and, therefore, the notice of appeal had to be filed by Thursday, March 19, 2015.  **See** Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal was taken).  Pagan dated his *pro se* notice of appeal March 15, 2015, but the notice of appeal was not filed until March 23, 2015.

Although the prisoner mailbox rule provides that a filing from an incarcerated *pro se* party is measured from the date the prisoner places it in the institution's mailbox, **see Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997), the record contains no proof of the date of mailing.  We recognize our prerogative to remand for a hearing to determine Pagan's compliance with
*(Footnote Continued Next Page)*

the judgment of sentence of 22 to 44 years' imprisonment imposed on April 16, 1999, after the trial judge convicted him of one count of attempted murder, three counts each of aggravated assault and recklessly endangering another person, as well as firearms charges and possession of an instrument of crime.[3]  After a thorough review of the record, the parties' briefs, and the applicable law, we affirm.

The PCRA court aptly summarized the facts and procedural history in its opinion, and we adopt its recitation.  *See* PCRA Court Opinion, 4/9/2015, at 1–2.  Pagan argues the PCRA court erred when it (1) "dismissed [Pagan's] PCRA  petition without conducting any evidentiary findings based upon the newly discovered evidence of innocence that was presented to the court in the exercise of due diligence," (2) "improperly recognized [Pagan's] motion for discovery as a Writ of *Habeas Corpus*, and used this as a basis for [its] unlawful dismissal of a PCRA petition that was properly filed and invoked an exception to the time-bar," and (3) "failed to recognize [Pagan] is currently serving an illegal sentence, due to[] the construction of the current sentence, and the PCRA court ha[s] jurisdiction to correct the sentence due

---
*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

the prisoner mailbox rule.  *See Smith v. Pennsylvania Board of Probation and Parole*, 683 A.2d 278, 282–283 (Pa. 1996).  However, given our disposition of the merits, we decline to remand as it "would be futile to do so."  *See Commonwealth v. Chambers*, 35 A.3d 34, 40 (Pa. Super. 2011).

[3] 18 Pa.C.S. §§ 2502, 2702, 2705, 6105 and 6108, and 907, respectively.

to the properly presented newly discovered evidence exception to the time-bar requirement." Pagan's Brief at 17–18.

The PCRA court has provided a well-reasoned discussion in support of its decision. **See** PCRA Court Opinion, 4/9/2015, at 4–5 (finding: (1) Pagan's PCRA petition is facially untimely; (2) Pagan's reliance on **McQuiggin v. Perkins,** 133 S. Ct. 1924 (2013), is misplaced, as that decision pertained to timeliness requirements for federal *habeas corpus* petitions, not PCRA petitions; (3) Pagan failed to satisfy the after-discovered evidence exception based upon a "heterogeneous collection of alleged exculpatory statements from alibi witnesses"[4] where Pagan admitted his past familiarity with the statements, asserting he presented them in a prior untimely PCRA petition; and (4) Pagan's petition for writ of *habeas corpus*, challenging the legality of his sentence due to a lack of a sentencing order, was properly denied because there is no merit to his claim[5]). As we agree with the sound reasoning of the PCRA court, we adopt its rationale as our own.

We simply add that, to the extent that Pagan raises for the first time in his brief "newly discovered evidence, the February 26, 2014, statement of

---

[4] PCRA Court Opinion, 4/9/2015, at 5.

[5] *Id.* at 5, *citing* **Joseph v. Glunt**, 96 A.3d 365 (Pa. Super. 2014) (holding that the fact that the Department of Corrections did not possess sentencing order did not entitle appellant to *habeas* relief).

Maria Carabello," we find this claim has been waived for failure to plead the exception in his April 3, 2014 PCRA petition.[6]  ***See Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007) (stating "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal").

To the extent Pagan presents an illegal sentencing claim based on his contention that merger applied to his sentences for attempted homicide and two counts of aggravated assault because he was convicted of one criminal act upon three individuals, this claim cannot be reviewed since, as discussed above, Pagan has not satisfied any exception to the PCRA's timeliness requirement.  ***See Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa.

---

[6]  Pagan attached to his brief a copy of a hand-printed statement, bearing a signature of "Maria Caraballo" and date of "February 26, 2014."  ***See*** Pagan's Brief, Exhibit "A." Therein, Caraballo stated she was not notified of the day of Pagan's trial and asserted Pagan "was not supposed to be in jail [be]cause [Pagan] was with me all night …."  ***Id.***

Pagan states that Caraballo provided the statement to him following a Valentine's Day card she sent "on or about February 14, 2014," in which she "included information that she wished the court's administrator had done as he promised and notified her of the day of trial … so she could appear and testify that [Pagan] was with her at the time of the criminal incident." Pagan's Brief at 14–16, 19, 27–29.

It bears mention that Maria Carballa was listed as one of four alibi witnesses for Pagan's trial.  ***See*** N.T., 1/22/1999, at 258. In this Court's decision regarding Pagan's appeal from the denial of relief on his first PCRA petition, this Court rejected Pagan's claim that the Commonwealth withheld a police interview of Caraballa in violation of ***Brady v. Maryland***, 373 U.S. 82 (1963). ***See Commonwealth v. Pagan***, 911 A.2d 185 (Pa. Super. 2006) (filed September 11, 2006) (unpublished memorandum).

Super. 2014) ("As this Court recently noted, [t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised … in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.") (citation and quotation marks omitted).

In addition, the discretionary aspects of sentencing claim Pagan raises in his brief is not cognizable in PCRA proceedings. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1289 (Pa. Super. 2007).

Because no exception to the PCRA time-bar applies, Pagan's PCRA petition is untimely. As such neither this Court nor the PCRA court has jurisdiction over Pagan's third petition. Accordingly, we affirm the PCRA court's denial of relief.

Order affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2016

- 5 -

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL COURT DIVISION

COMMONWEALTH                          :
                                      :      CP-51-CR-0105501-1998
                                      :
        _VS_. . . . . .               :
                                      :
                                      :      821 EDA 2015
ALBERTO PAGAN,                        :
                Petitioner            :      CP-51-CR-0105501-1998 Comm. v. Pagan, Alberto
                                             Memorandum Opinion

                    **OPINION**

MINEHART, J                                  7280018861

The above-named Petitioner has appealed from an order dismissing the Post-Conviction

Relief Act ("PCRA")/ habeas corpus petitions he filed in 2014.  Said order should be affirmed

for the reasons set forth below.[1]

## PROCEDURAL HISTORY

On January 20, 1999, following a non-jury trial, Petitioner was convicted of attempted

murder, aggravated assault on a police officer, recklessly endangering another person, carrying a

firearm without a license, carrying a firearm on public streets or public property, and possessing

an instrument of crime. On April 6, 1999, Petitioner was sentenced to an aggregate term of

twenty-two to forty-four years' imprisonment.  On October 4, 2000, the Superior Court affirmed

Petitioner's judgment of sentence. *Commonwealth v. Pagan*, 767 A.2d 1112 (Pa. Super.

2000)(unpublished memorandum).  Petitioner did not file a petition for allowance of appeal in

the Pennsylvania Supreme Court following the affirmance of the judgment of sentence.

---

[1] The Order was issued more than twenty days after Petitioner was served with notice of the forthcoming dismissal
of his Post Conviction Relief Act petition. Pa.R.Crim.P. 907.

1

Petitioner filed a *pro se* PCRA petition on October 12, 2001. On appeal, the Superior Court vacated and remanded the case after the lower court prematurely dismissed Petitioner's petition. *Commonwealth v. Pagan*, 830 A.2d 1051 (Pa. Super. 2003) (unpublished memorandum). On April 14, 2005, the PCRA court dismissed Petitioner's PCRA petition. The Superior Court affirmed the dismissal of Petitioner's petition on September 11, 2006. The Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on February 8, 2007.

On March 8, 2011, Petitioner filed his second PCRA petition, *pro se*. On January 6, 2012, the PCRA court dismissed Petitioner's petition as untimely. The Superior Court affirmed the dismissal of Petitioner's petition on September 26, 2012.

On April 3, 2014, Petitioner filed the current *pro se* PCRA petition. On June 6, 2014, Petitioner submitted a supplemental petition styled Writ of Habeas Corpus. Pursuant to Pennsylvania Rule of Criminal Procedure 907, the Petitioner was served with notice of the court's intention to dismiss his PCRA petition and deny his Writ of Habeas Corpus on September 3, 2014. Petitioner filed a response to the court's Rule 907 notice on September 29, 2014. The lower court dismissed Petitioner's petition as untimely on February 17, 2015. Appellant filed the instant, *pro se* notice of appeal to the Superior Court on March 23, 2015.[2]

---

[2] Preliminarily, although Petitioner's notice of appeal was docketed March 23, 2015, it is unclear what day Petitioner mailed his notice of appeal to determine the filing date for purposes of the "mailbox rule." Pursuant to Pa.R.A.P. 903(a), "except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Petitioner appeals *pro se* from the order denying as untimely his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. The order dismissing Petitioner's petition was entered on February 17, 2015. Thus, the thirty-day window for appeal ended on March 19, 2015. The following opinion presumes timeliness.

2

## DISCUSSION

The lower court properly dismissed Petitioner's PCRA petition as untimely and denied his request for habeas corpus relief. Regarding the former, Petitioner's present PCRA petition was untimely filed and none of the exceptions to the time-bar are applicable. As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must present his claimed exception within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought,

3

the PCRA court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa–Taylor*, 753 A.2d 780, 783 (2000).

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. *Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. *Commonwealth v. Breakiron*, 781 A.2d 94, 98 (2001). The focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008). Thus, the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim. *Commonwealth v. Brown*, 2015 PA Super 24 (Feb. 6, 2015)(citing *Commonwealth. v. Bennett*, 930 A.2d 1264, 1271 (Pa. 2007)).

Petitioner's judgment of sentence became final on November 3, 2000, thirty days after the Superior Court affirmed his judgment of sentence. His current petition, filed on April 3, 2014 is therefore facially untimely as it was not filed within one year of the date his judgment of sentence became final. In attempt to satisfy the PCRA's timeliness exception, Petitioner cited the United States Supreme Court's decision in McQuiggin v. Perkins, 133 S.Ct. 1924 (2013). There, the Court addressed whether the AEDPA's statute of limitations can be overcome by a showing of actual innocence. Id. at 1930.[3] Petitioner's reliance upon McGuiggin is misplaced however as that decision appertained to timeliness requirements for federal habeas corpus

---

[3] Antiterrorism and Effective Death Penalty Act of 1996.

4

petitions, not PCRA petitions. Alternatively, Petitioner attached a heterogeneous collection of alleged exculpatory statements from alibi witnesses. These "statements" authored between 1999 and 2003 also failed to satisfy the PCRA time-bar as facts unknown to the petitioner. 42 Pa.C.S. § 9545(b)(1)(ii). Petitioner forthrightly admitted his past familiarity with these witnesses' statements, asserting that he presented them in a prior untimely PCRA petition. *See* PCRA petition, 4/3/2014 at 16. Petitioner's concession was inimical to his effort to satisfy section 9545(b) and his PCRA petition was accordingly dismissed as untimely.

Petitioner's request for habeas corpus relief was also properly denied. In his petition for Writ of Habeas Corpus, Petitioner disputed the legality of his sentence due to a lack of a sentencing order. In *Joseph v. Glunt*, 96 A.3d 365 (Pa. Super. 2014), the Superior Court held that a claim identical to the instant one was not cognizable under the PCRA and was properly raised in a writ of habeas corpus. It is thus suggested that Petitioner be denied relief because there is no merit to his claim.

A review of the record confirmed that Petitioner was sentenced on August 6, 1999. Thus, it does not matter whether the Department of Corrections possesses a copy of a written sentencing order for Petitioner. Moreover, Petitioner failed to prove how the missing documentation establishes that he is being held under an illegal sentence. The fact that there is no commitment form does not entitle him to any relief when the Department of Corrections had continuous authority to detain him. *See Joseph v. Glunt, supra* (holding that the fact that the Department of Corrections (DOC) did not possess sentencing order did not entitle appellant to habeas relief). Therefore, Petitioner's claim was found to be without merit and his petition was denied. Accordingly, for the reasons stated herein, it is suggested that the decision of the PCRA Court be affirmed.

5

BY THE COURT

_____
HON. JEFFREY P. MINEHART

6