J-S17021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN K. ADAMS | |
| Appellant | No. 2797 EDA 2016 |

Appeal from the PCRA Order entered July 15, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0001696-2003

BEFORE:  OLSON, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 17, 2017**

Appellant, John K. Adams, appeals from the July 15, 2016 order entered in the Court of Common Pleas of Delaware County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we quash the instant appeal.

The underlying facts and procedural history of this matter are not in dispute.[1]  We summarized the factual background in our memorandum issued in connection with Appellant's first PCRA petition.  ***See Commonwealth v. Adams***, No. 929 EDA 2008, unpublished memorandum (Pa. Super. filed July 13, 2009).  Thus, we need not repeat them here.

---

[1] Relevant to this matter, it is also undisputed that Appellant was 21 years old at the time he committed the underlying crimes.  Appellant's Brief at 33; Trial Court Opinion, 10/17/2016, at 3.

Procedurally, we note this is Appellant's second PCRA petition, which Appellant filed on March 28, 2016, over ten years after his judgment became final.[2]

On appeal, Appellant argues he is entitled to PCRA relief under **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), and **Miller v. Alabama**, 132 S.Ct. 2455 (2012).[3] We disagree.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is

_____

[2] The trial court sentenced Appellant on November 22, 2005. Appellant did not file a direct appeal. Accordingly, Appellant's judgment, for purposes of the PCRA, became final on December 22, 2005, upon expiration of the 30-day period he had to file a direct appeal with this Court. **See Commonwealth v. Adams**, No. 949 EDA 2008, at 2.

[3] In **Miller**, the U.S. Supreme Court held that "mandatory life without parole for those _under the age of 18 at the time of their crimes_ violates the Eighth Amendment's prohibition on 'cruel and unusual' punishments." **Miller**, 132 S.Ct. at 2460 (emphasis added). In **Montgomery**, the Unites States Supreme Court held that **Miller** was a new substantive rule that, under the United States Constitution, must be retroactive in cases on state collateral review. **Montgomery**, 136 S.Ct. at 736.

untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. ***See Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008) (consideration of ***Brady*** claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. ***See Commonwealth v. Holmes***, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (1999)).

We must first determine whether we can entertain this appeal. The order appealed here was entered on July 15, 2016. The notice of appeal, dated August 22, 2016, was filed on August 29, 2016. Thus, the instant appeal is facially untimely. ***See*** Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken").

Appellant does not contest that the instant appeal is facially untimely. Appellant rather contends that he could not file the instant appeal within the deadline due to of his inability to access the prison law library while the deadline for filing the appeal was running. Appellant provided evidence of correspondence with prison officials showing that Appellant was unable to access the law library presumably from August 2, 2016,[4] until, presumably, August 22, 2016.[5] Appellant, however, provides no explanation why he waited until August 2, 2016, to look into the filing of a notice of appeal, or why he did not pursue the option of requesting a notice of appeal package, as suggested in his response to this Court's order to show cause. *See* Appellant's Response to Rule to Show Cause, 10/28/16. In light of the foregoing, we are constrained to quash the instant appeal as untimely filed. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (quashing untimely appeal for lack of jurisdiction).

Even if the appeal had been timely filed, we would nonetheless conclude Appellant's PCRA petition was untimely filed and his claim meritless.

---

[4] August 2, 2016, is the date of correspondence from Appellant to prison authorities, seeking permission to be allowed to access the law library, after he had been taken off the list for having "missed 2 days." Inmate's Request to Staff Member, 8/2/2016.

[5] August 22, 2016 is the date of the notice of appeal. The appeal, as noted, was eventually docketed on August 29, 2016.

As noted above, this is Appellant's second PCRA petition, filed over 10 years after his judgment of sentence became final. As such, the instant petition is facially untimely. To overcome the untimeliness of the petition, Appellant argues that he is entitled to review based on **Miller** as interpreted in **Montgomery**. We have repeatedly held that **Miller** does not apply to defendants who were eighteen or older when they committed murders. **See**, **e.g.**, **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016). It is uncontested that Appellant was an adult at the time of the underlying crimes. Accordingly, Appellant has no claim under **Miller**. Because Appellant has no claim under **Miller**, **Montgomery** does not affect the timeliness of this matter.

Appellant also argues that despite the fact he was an adult at the time of the crimes, **Miller** should be applied to him because his brain, as is the case in juveniles, was not fully developed. We rejected a similar contention in **Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013). In **Cintora**, two appellants, who were nineteen and twenty-one years of age at the time of their underlying crimes, and were sentenced to life imprisonment, claimed:

> [T]hat because **Miller** created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory life without parole sentences, and because research indicates that the human mind does not fully develop or mature until the age of 25, it would be a violation of equal protection for the courts to treat them or anyone else with an immature brain, as adults. Thus, they conclude that the holding in **Miller** should be extended to them

- 5 -

as they were under the age of 25 at the time of the murder and, as such, had immature brains.

***Cintora***, 69 A.3d at 764. In rejecting the argument, we concluded that "[a] contention that a newly-recognized constitutional right *should* be extended to others does not render their petition timely pursuant to [S]ection 9545(b)(1)(iii)." ***Id.*** (emphasis added). Thus, as in ***Cintora,*** Appellant's claim that ***Miller*** applied to the case *sub judice* based on his mental development is without merit.

Appeal quashed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/2017