J-S17012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAMON RIVERA, | |
| Appellant | No. 2648 EDA 2018 |

Appeal from the Order Entered August 8, 2018
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0000959-2016

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JUNE 3, 2019**

Appellant, Ramon Rivera, appeals from the order dismissing his timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The Commonwealth charged Appellant with robbery, theft, terroristic threats, recklessly endangering another person, and simple assault, following the armed robbery of a convenience store that occurred on January 18, 2016, in the City of Bethlehem.  Prior to trial, Appellant filed a motion to proceed *pro se*, prompting the trial court to hold a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).  The court granted Appellant's motion on September 2, 2016.  On March 1, 2017, a jury found Appellant guilty on all charges.  The trial court sentenced Appellant on April 28, 2017, to an

aggregate term of 9½-21 years' imprisonment. Appellant did not file a direct appeal from the judgment of sentence.

On April 23, 2018, Appellant filed a timely, *pro se* PCRA petition ("the Petition"). The PCRA court appointed counsel, who then filed, on July 6, 2018, a **Turner**/**Finley**[1] no-merit letter and a motion to withdraw as Appellant's counsel. Pursuant to Pa.R.Crim.P. 907, the PCRA court issued a notice of its intent to dismiss the Petition without a hearing on July 9, 2018, and granted counsel's motion to withdraw that same day. Appellant did not file a response to the court's Rule 907 notice, and the court dismissed the Petition on August 8, 2018. The PCRA court appointed current counsel to represent Appellant on appeal from the dismissal of the Petition. Appellant then filed a timely, counseled notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement on December 3, 2018. The trial court issued a statement pursuant to Rule 1925(a) on December 14, 2018.

Appellant now presents the following question for our review:

Did the trial court commit a clear abuse of discretion, a fundamental error in applying the correct law, or a violation of constitutional rights and impose a sentence which is manifestly excessive; or the result of actions by the sentencing court was inconsistent with the sentencing code or contrary to the fundamental norms underlying the sentencing process; or the judgment is so manifestly unreasonable or the result of partial[it]y, prejudice, bias or ill will as shown by the evidence of the record that it cannot stand by virtue of trial and sentencing error that runs afoul of the discretionary aspects of sentencing[?]

---

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Appellant's Brief at 6 (unnecessary capitalization omitted).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (internal citations omitted).

Appellant's claim is unreviewable. First, Appellant did not include this claim in the Petition and, therefore, it is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Second, even if we were to overlook waiver, Appellant is not eligible for relief under the PCRA, as "[r]equests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings." *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007). Accordingly, we ascertain no error in the PCRA court's dismissal of the Petition.

Order *affirmed*.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/3/19