J-S39009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER MYERS | : | |
| | : | |
| Appellant | : | No. 573 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 21, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0000112-2017

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:                 **FILED NOVEMBER 19, 2019**

Appellant, Christopher Myers, appeals *nunc pro tunc* from the judgment of sentence entered in the Chester County Court of Common Pleas, following his negotiated guilty plea to three counts of burglary.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows.  On November 21, 2017, Appellant entered a negotiated guilty plea to three counts of burglary.  Before accepting the plea, Appellant completed a written guilty plea colloquy and the court conducted an oral plea colloquy to confirm Appellant's plea was knowing, intelligent, and voluntary.  The court sentenced Appellant that day to the negotiated aggregate sentence of 6½ to 13 years'

_____

[1] 18 Pa.C.S.A. § 3502(a)(1).

_____

*   Former Justice specially assigned to the Superior Court.

imprisonment, plus five years' probation. Appellant did not file post-sentence motions or a direct appeal.

On September 21, 2018, Appellant filed a *pro se* petition under the Post Conviction Relief Act ("PCRA").[2] In his petition, Appellant alleged counsel was ineffective for failing to file requested post-sentence motions and a requested direct appeal. Specifically, Appellant claimed he wanted to challenge the discretionary aspects of his sentence, which required preservation in the trial court. Appellant sought reinstatement of his post-sentence motion and direct appeal rights *nunc pro tunc*. The court appointed counsel on September 25, 2018. On January 24, 2019, with agreement from the Commonwealth, the court restored only Appellant's direct appeal rights *nunc pro tunc*.

Appellant timely filed a notice of appeal *nunc pro tunc* on February 22, 2019. On February 25, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel subsequently filed a statement of intent to file a petition to withdraw and **Anders**[3] brief, per Pa.R.A.P. 1925(c)(4).

As a preliminary matter, appellate counsel seeks to withdraw her representation pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1)

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

[3] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *Santiago, supra* at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007).

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither *Anders* nor *McClendon*[4] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal.
>
> * * *
>
> Under *Anders*, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

*Santiago, supra* at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the *Anders* brief that accompanies court-appointed

---

[4] *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981).

> counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 178-79, 978 A.2d at 361. After confirming that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006). *See also Commonwealth v. Dempster*, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

Instantly, appellate counsel has filed an amended petition to withdraw.[5] The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a proper letter explaining Appellant's immediate right to retain new counsel or proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the *Anders* brief, counsel provides a summary of the facts and procedural history of the case and refers

---

[5] Counsel initially filed an *Anders* brief on May 29, 2019, but her letter advising Appellant of his rights was deficient. Consequently, this Court denied counsel's withdrawal petition and remanded the matter briefly with instructions for counsel to file an amended petition to withdraw including a new letter to Appellant advising him of his immediate right, either *pro se* or with privately retained counsel, to file a brief on any additional points Appellant deemed worthy of review. On September 3, 2019, counsel complied.

to relevant law that might arguably support Appellant's issue. Counsel further states the reasons for her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**.

Counsel raises the following issue on Appellant's behalf:

DID APPELLANT ENTER HIS GUILTY PLEA KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY?

(**Anders** Brief at 4).[6]

In general, "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." **Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa.Super. 2013), *appeal denied*, 624 Pa. 688, 87 A.3d 319 (2014) (holding defendant failed to preserve challenge to validity of guilty plea where he did not object during plea colloquy or file post-sentence motion to withdraw plea). **See also** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating post-sentence motion challenging validity of guilty plea shall be filed no later than 10 days after imposition of sentence).

Where the court reinstates direct appeal rights *nunc pro tunc*, the defendant is not automatically entitled to reinstatement of his post-sentence rights *nunc pro tunc* as well. **Commonwealth v. Liston**, 602 Pa. 10, 977

---

[6] Appellant has not responded by the deadline to the **Anders** brief, either *pro se* or with new counsel.

A.2d 1089 (2009). Nevertheless, a PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* if the defendant successfully pleads and proves he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel. *Id.* at 19 n.9, 977 A.2d at 1094 n.9 (noting counsel **may** be deemed ineffective for failing to file post-sentence motions when claim asserted requires preservation in trial court for purposes of appellate review).

Instantly, Appellant entered a guilty plea on November 21, 2017, to three counts of burglary in exchange for the negotiated sentence of 6½ to 13 years' imprisonment, plus five years' probation. The court immediately imposed the negotiated sentence. Appellant did not file post-sentence motions or a direct appeal.

On September 21, 2018, Appellant timely filed a *pro se* PCRA petition requesting reinstatement of his post-sentence motion and direct appeal rights *nunc pro tunc*. Significantly, Appellant did **not** contend that he wanted to challenge the validity of his guilty plea. Rather, Appellant claimed only that he wanted to challenge the discretionary aspects of the sentence imposed, although the negotiated plea agreement effectively precluded that claim. **See Commonwealth v. Reid**, 117 A.3d 777 (Pa.Super. 2015) (holding appellant was prohibited from challenging discretionary aspects of sentence where court imposed negotiated sentence following appellant's guilty plea; one who pleads guilty and receives negotiated sentence may not then seek discretionary

review of that sentence). The Commonwealth agreed to reinstate only Appellant's direct appeal rights *nunc pro tunc*. Given the issue Appellant asserted as the basis for his post-sentence motion, the court had no reason to reinstate post-sentence-motion rights *nunc pro tunc*. **See Liston, supra**. **Compare Commonwealth v. Rivera**, 154 A.3d 370 (Pa.Super. 2017) (*en banc*), *appeal denied*, 642 Pa. 121, 169 A.3d 1072 (2017) (affirming reinstatement of post-sentence-motion rights *nunc pro tunc* because issue appellant sought to raise, regarding withdrawal of his plea, required preservation in trial court). Absent a challenge in the trial court to the validity of his guilty plea, Appellant has no viable claim for appeal. **See Lincoln, supra**; Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Following our independent review of the record, we agree the appeal is frivolous. **See Palm, supra**. Accordingly, we affirm and grant counsel's amended petition to withdraw.

Judgment of sentence affirmed; counsel's amended petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/19