**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Marquis WRECKS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 4, 2007.

Filed Oct. 10, 2007.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: JOYCE *, DANIELS, and COLVILLE **, JJ.

* Judge JOYCE did not participate in the consideration or decision of this case.

OPINION BY COLVILLE, J.:

¶ 1 Our initial opinion in this case appears at *Commonwealth v. Wrecks,* 2007 PA Super 239, 931 A.2d 717 (*Wrecks I* ). Pursuant to the analysis therein, we remanded this case. Our remand instructions included, *inter alia,* a directive that the trial court supplement the certified record to include Appellant's 2006 *pro se* motion (ostensibly a post-sentence motion) or an agreed statement under Pa.R.A.P. 1924 as to the contents of that motion.

¶ 2 One of the reasons we issued the aforesaid directive was to facilitate our determination as to whether the *pro se* filing was indeed a post-sentence motion or whether it should have been treated as a collateral petition under the Post Conviction Relief Act (PCRA). Our determination of that issue would, in turn, help us decide whether the trial court properly dismissed Appellant's filing as an untimely post-sentence motion. Additionally, determining whether the filing should have been viewed as a post-sentence motion or a PCRA petition would clarify whether this appeal should be considered as a direct appeal or a PCRA appeal. That clarification is necessary because we must decide if counsel's request to withdraw should be evaluated under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (setting forth the procedure for withdrawals from direct appeals) or *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213 (1988) (setting forth the procedure for withdrawals from PCRA matters). The record has now been supplemented to contain Appellant's *pro se* motion. As such, we will continue our review of this case.

¶ 3 Appellant was sentenced in February 1996. His *pro se* motion, styled "Mo-

** Retired Senior Judge assigned to the Superior Court.

tion to Modify and Reduce Sentence," was filed in 2006. The body of the motion asks for a reduction of Appellant's sentence. It alleges the sentencing court failed to consider, and deviated from, the sentencing guidelines. Additionally, the motion claims the departure was unreasonable and excessive, and the court did not give adequate reasons for the deviation. Appellant further asserts that the only reason given for the deviation was Appellant's prior criminal record, an impermissible basis for departure from the guidelines. Finally, Appellant contends the sentencing court failed to give appropriate weight to the circumstances of the offense and Appellant's background.

¶ 4 Appellant's issues implicate the discretionary aspects of sentence. *See Commonwealth v. Lewis*, 911 A.2d 558, 567 (Pa.Super.2006) (treating an appeal as implicating the discretionary aspects of sentence where the appellant claimed the court deviated from guidelines without stating adequate reasons and failed to give proper consideration to the appellant's background and other factors under sentencing code); *Commonwealth v. Shugars*, 895 A.2d 1270, 1274, 1275 (Pa.Super.2006) (treating an appeal as involving the discretionary aspects of sentence where the appellant claimed the sentencing court relied on an impermissible factor such as his prior criminal record and thereby imposed an excessive sentence); *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa.Super.2002) (finding an appellant challenges the court's sentencing discretion by claiming court imposed an unreasonable sentence by sentencing outside the guidelines). Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings. *Commonwealth v. Friend*, 896 A.2d 607, 616 n. 15 (Pa.Super.2006). Thus, because Appellant's *pro se* filing does not request

relief contemplated by the PCRA, the trial court was correct to treat Appellant's filing as a post-sentence motion and not a PCRA petition. *See Commonwealth v. Lutz*, 788 A.2d 993, 996 n. 7 (Pa.Super.2001) (holding that a filing which requests relief outside the PCRA will not be treated as a collateral petition).

¶ 5 Additionally, the fact that Appellant's filing was indeed a post-sentence motion means that his appeal from the dismissal thereof is properly viewed as a direct appeal from judgment of sentence, not an appeal of a PCRA matter. As such, counsel's request to withdraw is governed by *Anders* and not *Turner/Finley*. *See Wrecks I*, 2007 PA Super 239 at ¶¶ 8–16, 931 A.2d 717.

¶ 6 Because the post-sentence motion was filed years after sentencing, the court was correct to deny it as being untimely. *See* Pa.R.Crim.P. 720(A)(1) (stating that post-sentence motions must be filed within ten days of sentencing). As the motion was late, it did not toll Appellant's direct appeal period. *Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 n. 1 (Pa.Super.2003). Therefore, his time for filing a direct appeal expired thirty days after he was sentenced in 1996. Pa.R.Crim.P. 720(A)(3). Consequently, this appeal is late and we lack jurisdiction to hear it. *Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa.Super.2005). Lacking jurisdiction, quashal is appropriate. *Commonwealth v. Dreves*, 839 A.2d 1122, 1129 (Pa.Super.2003) (quashing untimely appeal for lack of jurisdiction).

¶ 7 Before reaching our final decision, however, we address the matter of the petition to withdraw. When counsel files an *Anders* petition and brief, a review thereof is an essential part of the determination as to whether the appeal is, indeed, untimely and whether the reviewing court

lacks jurisdiction. A ruling on the petition is a concomitant aspect of the decision to entertain or quash the appeal. *See Millisock*, 873 A.2d at 750–52 (remanding for an appropriate *Anders* brief or an advocate's brief despite preliminary determinations that the appeal was untimely, that this Court apparently lacked jurisdiction and that the appeal should be quashed).[1]

■ ¶ 8 In the present case, we are satisfied that counsel's petition and brief comport with the *Anders* requirements articulated in *Wrecks I*, 2007 PA Super 239 at ¶¶ 8–16, 931 A.2d 717. With respect to the particular matter of untimeliness, counsel's brief neutrally, albeit briefly, sets forth the relevant facts. The brief does not argue for or against Appellant on this issue. While the brief fails to cite the law relevant to the question of timeliness, we find the applicable time limits to be straightforward. As such, we find that counsel's brief substantially, if not perfectly, complies with *Anders*. Based on our review of counsel's brief as well as our own independent examination of this case, we agree with counsel's assessment that this appeal is wholly frivolous.

¶ 9 Based on our foregoing analysis, we grant counsel's petition to withdraw and quash this appeal.

¶ 10 Petition to withdraw granted. Appeal quashed. Jurisdiction relinquished.

---

1. The *Millisock* court also directed that any new brief should address the matter of this Court's jurisdiction. *See also Murph v. Pennsylvania Board of Probation and Parole,* 164 Pa.Cmwlth. 28, 641 A.2d 1275, 1277 (1994). In *Murph,* the Commonwealth Court considered an appeal which was late and which thus deprived the court of jurisdiction. The appellant's counsel had filed a request to withdraw on the grounds that the appeal was wholly frivolous. It appears that counsel's petition and brief addressed the matter of timeliness and jurisdiction. Because the appeal was untimely, the *Murph* court agreed with counsel's assessment that the matter was wholly frivolous. The court granted counsel's request to withdraw and quashed the appeal for lack of jurisdiction.