J-S58038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC JAMES LOPEZ | |
| Appellant | No. 591 WDA 2014 |

Appeal from the Judgment of Sentence March 11, 2014
In the Court of Common Pleas of Potter County
Criminal Division at No(s): CP-53-CR-0000011-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED AUGUST 29, 2014**

Appellant, Eric James Lopez, appeals from the judgment of sentence entered in the Potter County Court of Common Pleas, following his guilty plea to one count each of simple assault and recklessly endangering another person.[1]  As a prefatory matter, we observe counsel has filed an **Anders**[2] brief on appeal.  Pursuant to **Anders** and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009), when counsel determines, after a conscientious review of the record, that there are no non-frivolous issues for

_____

[1] 18 Pa.C.S.A. §§ 2701(a) and 2705.

[2] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

_____

*Retired Senior Judge assigned to the Superior Court.

review, counsel must: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *Id.* at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super. 2007). ***Santiago*** further requires counsel to include in the ***Anders*** brief (1) a summary of the facts and procedural history, with citations to the record; (2) reference to anything in the record that counsel believes arguably supports the appeal; (3) counsel's conclusion that the appeal is frivolous; and (4) counsel's reasons for concluding the appeal is frivolous. ***Santiago, supra*** at 178-79, 978 A.2d at 361.

Instantly, counsel has substantially complied with the **briefing** requirements under applicable law. ***See Santiago, supra***; ***Wrecks, supra***. Nevertheless, counsel has not filed a separate petition in this Court to withdraw as counsel including a copy of a letter to Appellant enclosing the brief to Appellant and advising him of his right to obtain new counsel or file a *pro se* brief to raise any additional points Appellant deems worthy of review. Without that petition to withdraw, counsel has not properly complied with the technical requirements of ***Anders***. ***See Santiago, supra***. Accordingly,

we direct counsel to file with this Court a proper **motion to withdraw**, which must also include a copy of the letter to Appellant enclosing the brief as filed and fully advising Appellant of his rights to proceed *pro se* or with newly retained counsel.[3] Counsel has seven (7) days from the filing date of this judgment order to comply with this directive.

Panel jurisdiction is retained.

_____

[3] The certified record includes a petition to withdraw as counsel, which counsel attached to the notice of appeal filed on April 7, 2014. By order dated April 8, 2014, and filed April 9, 2014, the court denied counsel's petition to withdraw as not properly before the trial court and directed counsel to continue to represent Appellant. The trial court further stated that any future petition to withdraw must be directed to the Superior Court and in compliance with Pennsylvania law. Therefore, counsel must file a separate petition to withdraw with this Court and in compliance with Pennsylvania law.