J-A21028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IDRIS MUNSON | : | |
| | : | |
| Appellant | : | No. 3380 EDA 2017 |

Appeal from the PCRA Order September 18, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007379-2010,
CP-51-CR-0007380-2010

BEFORE:  PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 06, 2018**

Appellant, Idris Munson, appeals from the order entered on September 18, 2017, which dismissed his petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.  We affirm.

On December 2, 2010, Appellant pleaded *nolo contendere* to three counts of corruption of minors and one count of luring a child into a motor vehicle;[1] on January 11, 2011, the trial court sentenced Appellant to serve an aggregate term of one to five years in prison, followed by five years of probation.  N.T. Sentencing, 1/11/11, at 14.  Following the *nunc pro tunc* restoration of Appellant's direct appeal rights, we affirmed Appellant's judgment of sentence on April 4, 2014 and, on October 16, 2014, the

---

[1] 18 Pa.C.S.A. §§ 6301(a)(1) and 2910(a), respectively.

Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Munson***, 102 A.3d 520 (Pa. Super. 2014) (unpublished memorandum) at 1-4, *appeal denied*, 102 A.3d 985 (Pa. 2014).

On January 6, 2016, Appellant filed a timely, *pro se* petition under the PCRA. 42 Pa.C.S.A. § 9545(a) ("Any petition under [the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final"); ***see also*** U.S. Sup. Ct. R. 13.1 (allowing 90 days to file a petition for writ of *certiorari* with the United States Supreme Court); 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). The PCRA court appointed counsel to represent Appellant and counsel then filed an amended petition on Appellant's behalf. ***See*** Amended PCRA Petition, 2/22/17, at 1.

However, on July 27, 2017, the PCRA court issued Appellant notice, pursuant to Pennsylvania Rule of Criminal Procedure 907, of its intent to dismiss Appellant's petition in 20 days, without holding a hearing. PCRA Court Order, 7/27/17, at 1; Pa.R.Crim.P. 907(1). The PCRA court finally dismissed Appellant's PCRA petition on September 18, 2017 and Appellant filed a timely notice of appeal.

Within the "statement of questions involved" section of Appellant's brief, Appellant lists five claims:

1. [Appellant] was denied the effective assistance of counsel in violation of his constitutional rights . . . [because Appellant] was not advised, nor assisted by his counsel as to the preparation, investigation, and post-trial phases of the above-captioned cases; the plea of "*nolo contendere*" unlawfully was induced where the circumstances make it likely that the inducement caused [Appellant] to plead guilty and [Appellant] is innocent.

2. [Appellant] was denied the effective assistance of counsel in violation of his constitutional rights . . . [because] trial counsel failed to "withdraw" the "*nolo contendere*" plea, failed to file a [] reconsideration and failed to file an appeal to the Superior Court as requested by [Appellant].

3. [Appellant] was denied the effective assistance of counsel in violation of his constitutional rights . . . [because] the unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome if there would have been a trial.

4. [Appellant] was denied the effective assistance of counsel in violation of his constitutional rights . . . [because Appellant] was improperly advised and/or induced by his trial counsel to plead "*nolo contendere*" in which [Appellant] wanted to have a trial, and present exculpatory and character evidence in [Appellant's] defense.

[5.] [Appellant] received an unreasonable and inappropriate sentence under the Sentencing Code, in that the total confinement for a period of [one to five] years followed by [five] years of probation, is an excessive sentence and disproportionate to the crimes.

Appellant's Brief at 6 (some internal capitalization omitted).

Notwithstanding the claims listed above, the argument section of Appellant's brief contains only three sections, which are titled: 1) "[Appellant] was denied the effective assistance of counsel;" 2) "subsequent exculpatory

- 3 -

evidence;" and, 3) "the sentence was excessive." Appellant's Brief at 8-13 (some internal capitalization omitted).

The first section of Appellant's brief consists merely of citation to and discussion of general legal principles; the section contains no actual, applicable argument or cognizable claim and contains no discussion of how or why the general legal principles apply to Appellant's case. **See** Appellant's Brief at 8-11. Hence, any claim contained within this section is waived. **Commonwealth v. Spotz**, 716 A.2d 580, 585 n.5 (Pa. 1999) ("[the Pennsylvania Supreme Court] has held that an issue will be deemed to be waived when an appellant fails to properly explain or develop it in his brief"); **Commonwealth v. Hallman**, 67 A.3d 1256, 1263 (Pa. Super. 2013) ("this Court may not act as counsel for an appellant and develop arguments on his behalf") (internal quotations and citations omitted).

Any claim contained within the second section of Appellant's brief is similarly waived. Within this section, Appellant does not set forth any argument as to how the PCRA court erred or why he is entitled to relief. Instead, he incorporates by reference his "*Pro Se* Initial PCRA Petition Brief[] and Exhibits." **See** Appellant's Brief at 11. As our Supreme Court has explained, "our appellate rules do not allow incorporation by reference of arguments contained in briefs filed with other tribunals, or briefs attached as appendices, as a substitute for the proper presentation of arguments in the body of the appellate brief." **Commonwealth v. Briggs**, 12 A.3d 291, 343

(Pa. 2011) (citation omitted); *see* Pa.R.A.P. 2119(a). Accordingly, Appellant's second claim is waived. *See* Pa.R.A.P. 2101 and 2119(a).

Within the third and final section of Appellant's brief, Appellant attempts to challenge the discretionary aspects of his sentence. However, "[r]equests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings." *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007). Accordingly, Appellant's third claim is not cognizable under the PCRA and, thus, fails.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/18