J-S74008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HASSAN MUSTAFA | : | |
| | : | |
| Appellant | : | No. 295 EDA 2017 |

Appeal from the Judgment of Sentence December 12, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004963-2015

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 21, 2018**

Hassan Mustafa appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his open guilty plea to possession of a controlled substance with intent to deliver (PWID),[1] criminal conspiracy[2] and possession of a firearm prohibited.[3]  As a prefatory matter, we observe counsel has filed an ***Anders***[4] brief.  After our independent review, we affirm.

Pursuant to ***Anders*** and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), when counsel determines that there are no non-frivolous issues

---

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 903.

[3] 18 Pa.C.S. § 6105.

[4] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

for review, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago**, 978 A.2d at 358–61. Further, **Santiago** requires counsel to include in the **Anders** brief: (1) a summary of the facts and procedural history, with citations to the record; (2) reference to anything in the record that counsel believes arguably supports the appeal; (3) counsel's conclusion that the appeal is frivolous; and (4) counsel's reasons for concluding the appeal is frivolous. **Santiago**, 978 A.2d at 361. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007).

Instantly, counsel has substantially complied with the briefing requirements under applicable law. **See Santiago**, **supra**; **Wrecks**, **supra**. Although counsel did not file a separate petition with this Court to withdraw his representation, the brief includes counsel's specific request to withdraw. **See Anders** Brief, at 20. Thus, we can treat the request to withdraw as properly before this Court. **See Commonwealth v. Fischetti**, 669 A.2d 399 (Pa. Super. 1995) (explaining more desirable practice is for counsel to submit separate withdrawal petition to Superior Court; nevertheless, withdrawal request included in **Anders** brief will suffice).

In his ***Anders*** brief, counsel provides a summary of the procedural history and facts, with citation to the record; refers to items in the record, which might arguably support the appeal; states he engaged in a conscientious examination of the record; concludes the appeal is wholly frivolous; and articulates relevant facts, controlling case law, and rules on point. Moreover, we note counsel attached to his brief a letter, dated June 19, 2018, advising Mustafa he was seeking to withdraw, and as a result, Mustafa could retain new counsel or proceed *pro se*. He further indicated he provided Mustafa with a copy of his ***Anders*** brief. We will now conduct our independent review of the issues raised by counsel and determine, using our own judgment, whether the appeal is wholly frivolous. ***Santiago***, ***supra***.

In his ***Anders*** brief, counsel refers to two possible claims: the validity of the guilty plea and discretionary aspects of sentencing. The record indicates Mustafa entered an open guilty plea before the Honorable Anne Marie B. Coyle, to charges of PWID, criminal conspiracy, and a firearms violation. In exchange for the plea, the Commonwealth dropped fifteen other charges. Our review of the record, in particular the guilty plea colloquy and sentencing hearing, ***see*** N.T. Guilty Plea Hearing, 11/14/16 and N.T. Sentencing, 12/6/16, indicates that Mustafa entered a voluntary, knowing and intelligent plea to these charges, and that he understood that the maximum penalty he faced was 50 years and a $425,000 fine. ***See*** N.T. Guilty Plea Hearing, ***supra*** at 6, 8-9.

Additionally, the court imposed concurrent sentences for each conviction at the lower end of the standard range of the Sentencing Guidelines. ***See*** N.T. Sentencing, ***supra*** at 20-21. Moreover, the court had before it a presentence investigation report. ***Id.*** at 5. ***See Commonwealth v. Devers***, 546 A.2d 12 (Pa. 1988) (having been fully informed by presentence report, sentencing court's discretion should not be disturbed).

Having conducted our independent review, we agree with counsel's assessment that there are no non-frivolous issues preserved for appeal. We conclude, therefore, that the appeal is wholly frivolous. ***See Anders***, ***supra***. We affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to Withdraw Granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/18

- 4 -