J-S73041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES EARL ROBINSON, JR. | : | |
| | : | |
| Appellant | : | No. 947 WDA 2018 |

Appeal from the PCRA Order Entered May 25, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002415-2016

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY OLSON, J.:                **FILED JANUARY 11, 2019**

Appellant, James Earl Robinson, Jr., appeals from the order entered on May 25, 2018, denying relief on his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9543.  We affirm.

We briefly summarize the relevant facts and procedural history of this case as follows.  On June 14, 2016, Appellant attempted to strike his ex-girlfriend in the head with a candle in a glass jar.  When she used her hands to protect and cover her head, Appellant struck the victim's left wrist causing severe swelling and a small laceration.  During this same incident, Appellant also struck the eleven-year-old daughter of his ex-girlfriend with a belt across her legs and back.  On February 10, 2017, a jury convicted Appellant of two counts of simple assault, 18 Pa.C.S.A. § 2701(a)(1).  At the sentencing hearing, defense counsel requested a continuance because Appellant was not present, despite knowing about the hearing, because his maternal aunt was

ill. The trial court denied the request and sentenced Appellant *in absentia* to two consecutive sentences of 12 to 24 months of incarceration. Appellant did not file a post-sentence motion seeking modification of his sentence. Instead, on September 5, 2017, Appellant filed a *pro se* motion to correct an illegal sentence. On September 18, 2017, the trial court denied the request as untimely and without merit. On January 2, 2018, Appellant filed a timely *pro se* PCRA petition. On January 9, 2018, the court appointed PCRA counsel to represent Appellant. On March 12, 2018, appointed counsel filed a supplemental PCRA petition. On April 23, 2018, the court entered notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Appellant did not respond. On May 25, 2018, the court entered an order denying Appellant relief. This timely appeal followed.[1]

On appeal, Appellant presents the following issue for our review:

> Whether the [c]ourt erred in imposing the [] maximum sentence for a [second-degree misdemeanor] and further imposing the sentences to run consecutively although the underlying criminal conduct was the result of a single discrete incident encompassed within one docket?

Appellant's Brief at 2.

Appellant argues, "the imposition of consecutive terms [of imprisonment] constituted an abuse of discretion and was unwarranted." ***Id.***

---

[1] Appellant filed a notice of appeal on June 25, 2018. On the same day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on July 16, 2018. The court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 16, 2018, largely relying upon its rationale in the Rule 907 notice.

at 5. He "concedes that he has committed a crime but [argues] that the punishment and sanction is excessive and not in accord with the facts of this case." *Id.* Appellant does not, however, challenge the legality of the sentences imposed.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Johnson*, 179 A.3d 1153, 1156 (Pa. Super. 2018) (internal quotation marks omitted). Appellant frames his request for collateral relief exclusively in terms of a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (challenge to the consecutive nature of sentences implicates the trial court's discretion). We have previously determined, however, that "[r]equests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings." *Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007); *see also* 42 Pa.C.S.A. § 9543(2) (eligibility for relief under PCRA). Because Appellant's claims are not cognizable under the PCRA, the PCRA court properly denied relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  1/11/2019