J-S19015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HECTOR CARABALLO | : | |
| | : | |
| Appellant | : | No. 1436 EDA 2019 |

Appeal from the PCRA Order Entered April 16, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009554-2011,
CP-51-CR-0011734-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HECTOR CARABALLO | : | |
| | : | |
| Appellant | : | No. 1438 EDA 2019 |

Appeal from the PCRA Order Entered April 16, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009554-2011,
CP-51-CR-0011734-2011

BEFORE: BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.: **FILED AUGUST 07, 2020**

Hector Caraballo appeals from the April 16, 2019 order dismissing his petition for relief under the Post-Conviction Relief Act ("PCRA"). We affirm.

Appellant's convictions stem from a traffic collision on April 29, 2012, near the intersection of Randolph Street and Erie Avenue in Philadelphia, Pennsylvania. On that day, Appellant was operating his vehicle under the

influence of, *inter alia*, phenylcyclohexyl piperidine ("PCP"), and driving at a high rate of speed while weaving through traffic. Appellant eventually collided head-on with another vehicle. The resulting crash left several other individuals with injuries ranging from critical to minor, and damaged numerous other vehicles. In connection with these events, Appellant was charged with dozens of criminal offenses at two separate criminal action numbers: CP-51-CR-0011734-2011 ("Docket No. 11734"); and CP-51-CR-0009554-2011 ("Docket No. 9554"). After entering non-negotiated guilty pleas, Appellant was sentenced to an aggregate term of 12 to 25 years of incarceration on March 21, 2013.[1]

Appellant did not file a direct appeal. On November 13, 2013, Appellant filed a timely *pro se* PCRA petition alleging that his conviction violated the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution.[2] PCRA counsel was appointed to represent Appellant, and later filed an amended PCRA petition. In addition to Appellant's original claim of a "double

---

[1] At Docket No. 11734, Appellant pled guilty to plea to five counts of accidents involving death or personal injury and was sentenced to an aggregate term of three to seven years of incarceration. At Docket No. 9554, Appellant pled guilty to two counts of aggravated assault, and one count each of aggravated assault by vehicle while DUI, accident involving property damage, accident involving death or personal injury. He was sentenced to an aggregate term of nine to eighteen years of incarceration.

[2] *See* U.S. CONST., Amend. V ("No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . .").

jeopardy" violation, Appellant's amended petition included claims that his sentence was excessive.

On March 12, 2019, the PCRA court entered notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. On April 16, 2019, the PCRA court entered a final order dismissing Appellant's petition. Appellant timely filed notice of his appeal.[3] The trial court did not direct Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and none was filed. The PCRA court authored a memorandum in support of its dismissal of Appellant's petition.

Before proceeding further, we note with significant displeasure that both Appellant's counselled PCRA petition and appellate brief are shockingly cursory and nearly unintelligible. We will reproduce the questions presented in Appellant's brief, *verbatim*, as they appear in the text:

---

[3] This Court issued a rule to show cause upon Appellant concerning his compliance with Pennsylvania Rule of Appellate Procedure 341 and ***Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018) ("[W]hen a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. **The failure to do so will result in quashal of the appeal**." (emphasis added)). Upon review of the certified record, we conclude that Appellant has complied with the directives of ***Walker***.

Two separate notices of appeal are present in the certified record, and they are not mere facsimiles of one another. Rather, it appears Appellant filed separate notices listing multiple docket numbers. This is sufficient to comply with ***Walker***. ***See Commonwealth v. Johnson***, \_\_\_ A.3d \_\_\_, 2020 PA Super 164, at *3-*5 (Pa.Super. 2020) (*en banc*) (holding that filing an appropriate number of notices of appeal listing multiple docket numbers satisfies ***Walker*** and Rule 341). Accordingly, we do not quash this appeal.

> A. Whether sentence should be for one case as the DC# 1125037869 is the same for both docket numbers. The same incident but docketed as two (2) cases. Also, whether said sentence violates the Double Jeopardy Clause. Petitioner says "Yes."
>
> B. The Trial Court erred by imposing an "excessive sentence" violating the Pennsylvania Sentencing Code, 42 Pa.C.S. § 9701, *et seq.*, by not following the general principle that the sentence imposed should call for (1) confinement consistent with the protection of the public; (2) the gravity of the offense as it relates to the impact on the life of the victim; and (3) the rehabilitative needs of the defendant, and amounted to an abuse of discretion.
>
> 1. [Appellant's] sentence violated 18 Pa.C.S. §§ 903(c) and 906.

Appellant's brief at 6 (mixed numbering in original, cleaned up).[4]

Based on Appellant's two pages of fragmented arguments, we believe that Appellant's main argument concerns whether his sentences should merge under 42 Pa.C.S. § 9765. *Id*. at 7-8. However, any attempt at accurately discerning the contours of these arguments is rendered impossible by the deficiency of Appellant's brief. In sum, Appellant's brief contains no factual recitation or procedural history. Beyond a smattering of citations presented

---

[4] To the extent that Appellant is attempting to challenge the discretionary aspects of his sentence, we note that such claims are not cognizable under the PCRA. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa.Super. 2007) ("Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings."). Furthermore, the stated question concerning alleged violations of 18 Pa.C.S. §§ 903 and 906 makes little sense. These statutory provisions concern criminal conspiracy and other inchoate crimes including criminal attempt and criminal solicitation. Appellant was not convicted of any such crimes at the above-captioned docket numbers.

without context or application, there is no coherent discussion of Appellant's claims whatsoever. The only arguable discussion of persuasive legal authorities recites the bare legal standard for merger of sentences, but there is no enumeration of what sentences should merge, or why. ***Id***.

As such, we are constrained to conclude that Appellant's PCRA arguments have been waived due to the cursory nature of his appellate brief, and the lack of any substantive argument. ***See Commonwealth v. Jezzi***, 208 A.3d 1105, 1110 (Pa.Super. 2019) ("If a deficient brief hinders this Court's ability to address any issue on review, we shall consider the issue waived."); ***see also*** Pa.R.A.P. 2119(a).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/20