J-S38009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :        PENNSYLVANIA
                                    :
           v.                          :
                                    :
                                    :
BRIAN KRIVANEK                 :
                                    :
          Appellant          :   No. 452 WDA 2021

Appeal from the Order Entered April 7, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014085-2019


BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED: JANUARY 5, 2022**

      Appellant, Brian Krivanek, purports to appeal from the trial court's April 7, 2021 order vacating his judgment of sentence imposed on February 8, 2021, and scheduling a new sentencing hearing for April 21, 2021. Appellant contends that the court lacked jurisdiction to enter the order vacating his judgment of sentence, which had become final prior to the court's April 7, 2021 order. After careful review, we quash this appeal.

      The facts of Appellant's underlying conviction are not germane to our disposition of his appeal. We need only explain that on October 7, 2020, Appellant entered a guilty plea to driving under the influence of alcohol (DUI). At that point, it was Appellant's first DUI offense. His sentencing was deferred until February 8, 2021.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Between Appellant's guilty plea and sentencing for his DUI conviction in this case, he entered another guilty plea to DUI before a different judge (hereinafter, "other DUI"). That judge treated Appellant's other DUI as his first such offense, and imposed a mandatory, "first offense" sentence in accordance with 75 Pa.C.S. § 3804(a)(1) (setting forth the penalties for a first-offense DUI). **See** Trial Court Opinion, 5/6/21, at 1-2 (unnumbered). Subsequently, at Appellant's February 8, 2021 sentencing hearing for his present DUI offense, the court imposed another mandatory, "first offense" sentence, not realizing that Appellant had pled guilty and been sentenced for the other DUI.

Notably, Appellant did not file a post-sentence motion, and he did not file a direct appeal within 30 days of his judgment of sentence. **See** Pa.R.A.P. 903(a) (directing that a notice of appeal to the Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken). Thus, his judgment of sentence became final on March 10, 2021. Nevertheless, on April 7, 2021, the trial court *sua sponte* issued an order vacating Appellant's February 8, 2021 judgment of sentence. In the order, the court explained that Appellant and his counsel had failed to disclose that Appellant had pled guilty and received a "first-offense" sentence for his other DUI, making his present DUI his "second offense" and subject to the penalties outlined in 75 Pa.C.S. § 3804(a)(2) (setting forth the penalties for a second-offense DUI). **See** Order, 4/7/21 (single page). Also in the April 7, 2021 order, the court scheduled Appellant's resentencing for April 21, 2021.

- 2 -

On April 8, 2021, Appellant filed a notice of appeal and Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed a Rule 1925(a) opinion on May 6, 2021. Herein, Appellant states one issue for our review: "Whether the trial court lacked jurisdiction to vacate the sentence after it became final?" Appellant's Brief at 6.

Before addressing Appellant's arguments, we must examine whether his appeal is timely. While Appellant indicated that he is appealing from the court's April 7, 2021 order by attaching that order to his notice of appeal, his notice of appeal actually states that he is appealing "from the judgment of sentence imposed on February 8, 2021, which became final on March 8, 2021."[1] Notice of Appeal, 4/8/21 (unnecessary capitalization omitted). Again, Rule 903(a) requires that a notice of appeal "be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "In a criminal case in which no post-sentence motion has been filed, a judgment of sentence is appealable upon the imposition of sentence in open court." Pa.R.A.P. 301(a)(2). Here, Appellant's purported appeal from his February 8, 2021 judgment of sentence was filed on April 8, 2021, which is well beyond the 30-day deadline. Accordingly, his appeal is untimely, and we lack jurisdiction to consider it. *See Commonwealth v. Wrecks*, 934 A.2d 1287,

_____

[1] Appellant is incorrect that his judgment of sentence became final on March 8, 2021. Thirty days after February 8, 2021, is March 10, 2021.

- 3 -

1289 (Pa. Super. 2007) (stating that, where a direct appeal is filed beyond the 30-day period, it "is late and we lack jurisdiction to hear it").[2]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/05/2022

---

[2] We recognize that Appellant's argument challenges the trial court's April 7, 2021 order, not his judgment of sentence imposed on February 8, 2021. However, even if we construed Appellant's appeal as stemming from the court's order, we would also be compelled to quash. Again, where no post-sentence motion has been filed, an appeal in a criminal case stems from the imposition of the judgment of sentence. *See* Pa.R.A.P. 301(a)(2). Thus, we would agree with the Commonwealth that the court's order vacating Appellant's February 8, 2021 judgment of sentence, and scheduling a new sentencing hearing, is interlocutory and not appealable at this point. Rather, Appellant must wait until his new judgment of sentence is imposed to challenge the court's decision to vacate his original sentence.