J-A08030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
   :         PENNSYLVANIA
   :
         v.    :
   :
   :
TIMOTHY C. SAUNDERS    :
   :
       Appellant    :    No. 1268 WDA 2022

Appeal from the PCRA Order Entered October 5, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002794-2016

BEFORE:    STABILE, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:          **FILED: May 26, 2023**

Timothy C. Saunders ("Saunders") appeals *pro se* from the order dismissing his motion for extraordinary relief. We quash the appeal.

Given our disposition, a full summary of the facts supporting Saunders's convictions is unnecessary. We briefly note that the trial court convicted Saunders of reckless burning or exploding, and arson involving danger of death or serious bodily injury after he made unwelcome advances to his former girlfriend, D.L.M., broke the windshield of the friend's car to which D.L.M. fled, and set D.L.M.'s car on fire.

In February 2017, the trial court imposed an aggregate term of imprisonment of forty-eight to ninety-six months of imprisonment as well as restitution for the damage to D.L.M.'s car not covered by insurance and the

_____

[*] Retired Senior Judge assigned to the Superior Court.

damage to the friend's windshield. **See Commonwealth v. Saunders**, 185 A.3d 1101, 445 WDA 2017 (Pa. Super. 2018) (unpublished memorandum at *1-2), *appeal denied*, 190 A.3d 1134 (Pa. 2018). On direct appeal, this Court denied Saunders's sufficiency and weight claims, but vacated the restitution award for damage to the windshield. **See id**. at *10-12.

Saunders filed a *pro se* petition for relief pursuant to the Post Conviction Relief Act ("PCRA").[1] The court appointed counsel, who filed a supplement to Saunders's petition alleging, *inter alia*, Saunders received an illegal sentence. The court found that the sentencing claim challenged the discretionary aspects of the sentence and dismissed the petition. On appeal, this Court found Saunders's claims waived and meritless. **See Commonwealth v. Saunders**, 226 A.3d 647 (Pa. Super. 2020) (unpublished memorandum at *5-6 and n.3), *appeal denied*, 237 A.3d 386 (Pa. 2020).

Saunders then filed the instant motion for extraordinary relief challenging the discretionary aspects of his sentence. The court construed the motion as a second, untimely PCRA petition and issued a notice of intent to dismiss it. **See** Notice of Intent to Dismiss, 8/30/22, at 3-5.[2] Saunders filed

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] Saunders then filed a *pro se* PCRA petition in which he asserted the ineffectiveness of all prior counsel. **See** Saunders's PCRA Petition, 9/2/22, at 3; Brief in Support of PCRA Petition, 9/21/22. The court later dismissed the petition as untimely. Saunders's appeal of the denial of PCRA relief is docketed at 1478 WDA 2022 but is not before this panel.

an opposition to the court's Rule 907 notice. Saunders asserted that his discretionary sentencing challenge was not cognizable under the PCRA and thus reviewable as a motion for extraordinary relief. *See* Objection to Notice of Intent to Dismiss, 9/30/22, at 2 citing, *inter alia*, **Commonwealth v. Wrecks**, 934 A.2d 1287, 1289 (Pa. Super. 2007). The court dismissed Saunders's motion for extraordinary relief. Saunders timely appealed, and he and the PCRA court complied with Pa.R.A.P. 1925.

On appeal, Saunders presents the following issues for our review:

1. Whether the [c]ourt erred, and abused it[]s discretion when it failed when it failed to adhere to t[his] Court's holding in **Commonwealth v. Wrecks**, 934 A.2d 1287 ([Pa. Super.] 1987) when it deemed [Saunders's] Motion For Extraordinary Relief, which raised claims implicating the discretionary aspect of his sentence, a second PCRA Petition?

2. Whether the [c]ourt erred, and abused it[s] discretion when it opined that [Saunders's] claim of an excessive sentence was previously litigated, and/or is waived?

3. Whether the [c]ourt erred, and abused it[s] discretion when it dismissed [Saunders's] claims without a hearing, when [Saunders] raised a material fact/substantial question regarding the discretionary aspects of his sentence, where the sentence is based on a miscalculated prior record score, and a misapplied sentencing guideline?

Saunders's Brief at 5.

Saunders's asserts that his motion for extraordinary relief raised a claim not cognizable under the PCRA, and in support, cites **Wrecks**, which held that challenges to the discretionary aspects of sentence are not cognizable under the PCRA. *See* Saunders's Brief at 8, citing **Wrecks**, 934 A.2d at 1287.

Saunders asserts that because the claim was not reviewable under the PCRA, he properly asserted it as a motion for extraordinary relief. Saunders's issue implicates this Court's jurisdiction, which is a predicate to review of his claim and an issue we may properly review *sua sponte*. **See Commonwealth v. Ivy**, 146 A.3d 241, 255 (Pa. Super. 2016).

The facts of **Wrecks** are that Wrecks filed a motion to modify sentence in 2006, ten years after the 1996 imposition of sentence, challenging the discretionary aspects of sentence. This Court held that a request for relief regarding discretionary aspects of sentence is not cognizable under the PCRA, and therefore must be treated as a post-sentence motion. **See id**. at 1289. Because the post-sentence motion Wrecks filed ten years after sentencing was untimely under Pa.R.Crim.P. 720(a)(1) (stating that post-sentence motions must be filed within ten days of sentencing), the filing of that motion did not toll Wrecks's time to file a direct appeal raising his sentencing claim. Because Wrecks's appeal was out of time, this Court determined that it lacked jurisdiction and quashed the appeal. **See id**., citing **Commonwealth v. Dreves**, 839 A.2d 1122, 1129 (Pa. Super. 2003) (quashing untimely sentencing appeal for lack of jurisdiction).

Here, Saunders filed his discretionary aspects of sentence extraordinary relief motion, which was tantamount to a post-sentence motion, nearly six years after sentencing. A challenge to the discretionary aspects of sentence is not cognizable under the PCRA. **See** Saunders's Brief at 8, citing **Wrecks**

934 A.2d at 1289. Thus, the motion must be viewed as a post-sentence motion. **See id**. So viewed, the motion was plainly untimely and did not toll the requirement that Saunders raise his claim in a timely direct appeal. This Court thus lacks jurisdiction over Saunders's untimely appeal. **See Wrecks**, 934 A.2d at 1289. For that reason, we quash this appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/26/2023