J-A06014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES SIMON THOMPSON | : | |
| | : | |
| Appellant | : | No. 1413 WDA 2022 |

Appeal from the Judgment of Sentence Entered September 1, 2022
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002939-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES S. THOMPSON | : | |
| | : | |
| Appellant | : | No. 1414 WDA 2022 |

Appeal from the Judgment of Sentence Entered September 1, 2022
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001027-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES SIMON THOMPSON | : | |
| | : | |
| Appellant | : | No. 1415 WDA 2022 |

Appeal from the Judgment of Sentence Entered September 1, 2022
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000413-2019

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

J-A06014-24

MEMORANDUM BY LAZARUS, P.J.:                **FILED: May 30, 2024**

James Simon Thompson appeals from the judgments of sentence,[1] entered in the Court of Common Pleas of Fayette County, following his convictions at the above-captioned dockets.[2]  After review, we quash the appeals as prematurely filed.

Thompson was charged with various drug offenses in relation to his sale of a heroin and fentanyl mixture called "Puma" to Jeffrey Schambach. Schambach died from an overdose of Puma.  As the police investigated, they executed search warrants on Thompson's home and vehicle, where they discovered, *inter alia*, large amounts of Puma, scales, and drug paraphernalia. Thompson was not at the residence during the execution of the warrant; however, police subsequently located Thompson driving on Route 119, whereupon Thompson attempted to elude police in a high-speed chase. Thompson was ultimately arrested, charged, and, on August 19, 2022, convicted.  On August 29, 2022, Thompson filed timely Post-Trial Motions.

---

[1] Thompson's notices of appeal improperly state that he is appealing from the order denying of his Post-Trial Motions.  ***See Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (en banc) (in criminal action, appeal properly lies from judgment of sentence "**made final by the denial of post-sentence motions**.") (emphasis added).  Additionally, on May 22, 2023, this Court *sua sponte* consolidated Thompson's appeal.  ***See*** Pa.R.A.P. 513.

[2] In light of our disposition, we decline to recite all of Thompson's convictions and sentences.  In sum, Thompson was convicted of 17 misdemeanor and felony offenses, plus a host of summary traffic violations.  ***See*** Trial Court Opinion, 2/21/23, at 11.

- 2 -

On September 1, 2022, the trial court sentenced Thompson to an aggregate period of 50 to 101 years' incarceration. On September 12, 2022, Thompson filed timely Post-Sentence Motions.[3]

On November 8, 2022, the trial court entered an order denying Thompson's Post-Trial Motions. In this order, the trial court only refers to the Post-Trial Motions and does not address any claims contained in the Post-Sentence Motions. The trial court did not enter an order granting or denying Thompson's Post-Sentence Motions. On December 5, 2022, Thompson filed the above-captioned notices of appeal.

On March 21, 2023, this Court issued a Rule to Show Cause directing Thompson to explain why his appeals should not be quashed as prematurely filed. **See** Rule to Show Cause, 3/31/23, at 1-2; **see also Commonwealth v. Claffey**, 80 A.3d 780, 783 (Pa. Super. 2013) (an appeal filed during post-sentence motion review period, set forth in Pa.R.Crim.P. 720(B)(3)(a), but before disposition of timely post-sentence motions, should be quashed as premature). Thompson filed a Response, in which he indicated that he had filed a *Praecipe* in the trial court requesting that his Post-Sentence Motions be denied by operation of law. **See** Response, 3/28/23, at 1-2.

_____

[3] The 10th day to file a timely post-sentence motion was September 11, 2022, a Sunday and, accordingly, Thompson had until September 12, 2022, to file a timely post-sentence motion. **See** 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such time period shall fall on a Saturday or Sunday . . . such day shall be omitted from the computation."); **see also** Pa.R.Crim.P. 720(A)(1) ("a written post-sentence motion shall be filed no later than 10 days after imposition of sentence"). Therefore, Thompson's Post-Sentence Motions, filed on September 12, 2022, were timely filed.

As a preliminary matter, we must *sua sponte* address whether we have jurisdiction to address Thompson's appeals. ***See Commonwealth v. Kennedy***, 876 A.2d 939, 943 (Pa. 2005) (appellate courts lack jurisdiction over non-appealable orders); ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1289 (Pa. Super. 2007) (this Court has no jurisdiction over untimely appeals); ***see also Claffey***, ***supra***.

Further, when a timely post-sentence motion is filed, the judgment of sentence is not final for purposes of appeal until the trial court disposes of the motion or the motion is denied by operation of law. ***See Commonwealth v. Borrero***, 692 A.2d 158, 159 (Pa. Super. 1997). When an appellant files a premature notice of appeal before the trial court has ruled on a timely post-sentence motion, the judgment of sentence is **not final**, and the appeal is interlocutory. ***See id.*** at 160. Therefore, the proper remedy is for this Court to quash the appeal, relinquish jurisdiction, and remand for the trial court to consider the post-sentence motion *nunc pro tunc*. ***See id.*** at 161.

It is clear from the record, as we noted ***supra***, that Thompson's Post-Sentence Motions were timely filed. ***See*** Pa.R.Crim.P. 720(A)(1); 1 Pa.C.S.A. § 1908. Therefore, the trial court had 120 days to file an order either granting or denying Thompson's Post-Sentence Motions. ***See*** Pa.R.Crim.P. 720(B)(3)(a). The 120th day for the trial court to decide Thompson's Post-Sentence Motions was Tuesday, January 10, 2023. However, Thompson filed the above-captioned notices of appeal on December 5, 2022. Then, on January 10, 2023, Thompson filed identical corresponding Criminal Docketing

- 4 -

Statements in which he indicated that he was "[a]waiting the [trial c]ourt's response to Post-Sentence Motions." Criminal Docketing Statement, 12/28/22, at 1.

The record reveals that the trial court did not enter an order denying Thompson's Post-Sentence Motions prior to him filing the notices of appeal. Furthermore, the clerk of courts did not enter an order denying Thompson's Post-Sentence Motions by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(a) (where trial court fails to deny post-sentence motion within 120 days, or grant an extension, the motion "**shall** be deemed denied by operation of law") (emphasis added).

Moreover, despite Thompson's assertions in his Response to the Rule to Show Cause, this Court has not received a copy of the purportedly filed *Praecipe*, and a search of the above-captioned dockets reveals that no such *Praecipe* has ever been filed. Additionally, the dockets reveal that no order denying Thompson's Post-Sentence Motions has been filed. *See* Pa.R.Crim.P. 720(b)(3).

The foregoing leads to the inevitable conclusion that Thompson's notices of appeal were prematurely filed in violation of our appellate rules and case law. *See Claffey*, *supra*; *see also Borrero*, *supra*. Accordingly, we quash Thompson's appeals, relinquish jurisdiction, and remand for the trial court to consider his Post-Sentence Motions *nunc pro tunc*. *See Borrero*, *supra*.

Appeals quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/30/2024