J-S38042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN PAUL ANGELILLO | : | |
| | : | |
| Appellant | : | No. 868 EDA 2024 |

Appeal from the Order Entered December 20, 2023
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000248-2021

BEFORE: STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED NOVEMBER 26, 2024**

Appellant John Paul Angelillo files this *pro se* appeal from the order of the Court of Common Pleas of Pike County dismissing his "Motion for Modification of Sentence *Nunc Pro Tunc*." We quash this appeal.

In June 2021, Appellant was initially charged with Possession with Intent to Deliver a Controlled Substance, Distribution to Persons Under Age Eighteen, Stalking (graded as a felony), Stalking (graded as a misdemeanor), Corruption of Minors, and Harassment. Appellant, a 42-year-old male, was accused of repeatedly engaging with a 16-year-old female at her place of employment at a grocery store where Appellant would provide her unsolicited attention and gifts, including a marijuana cigarette and a condom along with a note indicating he wanted to start a romantic relationship with the minor.

_____

[*] Former Justice specially assigned to the Superior Court.

On October 7, 2021, Appellant agreed to plead guilty to Delivery of a Controlled Substance and misdemeanor Stalking in exchange for a sentence in the standard range of Pennsylvania's Sentencing Guidelines. Appellant completed a written plea colloquy and submitted to an oral plea colloquy at the time of his plea.

On December 10, 2021, the trial court sentenced Appellant to two consecutive terms of sixteen months to five years' imprisonment on the two charges. As a result, Appellant received an aggregate sentence of thirty-two months to ten years' imprisonment. On December 17, 2021, Appellant filed a motion for reconsideration of sentence, asking the trial court to impose his sentences concurrently instead of consecutively. On December 20, 2021, the trial court denied the reconsideration motion.

Appellant filed a timely appeal, arguing that the trial court abused its discretion in imposing consecutive sentences at the high end of the sentencing guidelines. On August 23, 2022, this Court affirmed the judgment of sentence, refusing to disturb the trial court's imposition of aggregate sentences that were not excessive in light of the criminal conduct at issue. *See Commonwealth v. Angelillo*, 228 EDA 2022 (Pa.Super. August 23, 2022) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On May 23, 2023, Appellant filed a timely *pro se* PCRA petition, in which he raised claims of ineffectiveness of counsel and claimed that his confession was coerced. The PCRA court appointed Appellant counsel, who subsequently

filed a motion to withdraw his representation along with a no-merit letter, setting forth his reasons for concluding that the petition was frivolous.

During the pendency of the review of his PCRA petition, on December 18, 2023, Appellant filed a "Motion for Modification of Sentence *Nunc Pro Tunc*" in which Appellant requested that his consecutive sentences be "merged" or "reconstructed." On December 20, 2023, the PCRA court denied Appellant's "Motion for Modification of Sentence *Nunc Pro Tunc*," which the PCRA court deemed to be an untimely post-sentence motion not connected to the instant PCRA petition. The PCRA court further noted that the "decision to sentence [Appellant] to consecutive sentences" is within the discretion of the sentencing court." Order, 12/20/23, at 1.

On January 2, 2023, Appellant filed a notice of appeal of the denial of his "Motion for Modification of Sentence *Nunc Pro Tunc*." This appeal, which was docketed at 868 EDA 2024.[1] Although this appeal was dismissed on July 23, 2024, this Court granted Appellant's application to reinstate the appeal on August 7, 2024.[2]

_____

[1] On January 11, 2024, the PCRA court denied Appellant's *pro se* objections to the Rule 907 notice and dismissed Appellant's PCRA petition. On January 18, 2024, Appellant filed a *pro se* notice of appeal from the denial of his PCRA petition, which was docketed at 744 EDA 2024. This appeal is resolved in a separate memorandum.

[2] After Appellant filed his appellate brief late, on October 4, 2024, Appellant filed an application for relief, arguing that as the Commonwealth failed to submit a brief on appeal, Appellant should automatically be granted relief. While we note with displeasure the Commonwealth's failure to file any response or correspondence to this Court's briefing notice, this discrepancy does not entitle Appellant to a ruling in his favor. As such, we deny Appellant's application for relief.

On appeal, Appellant again argues that the trial court should have exercised its discretion to impose concurrent, rather than consecutive sentences. As a preliminary matter, we find that the trial court did not err in construing Appellant's "Motion for Modification of Sentence *Nunc Pro Tunc*" as an untimely post-sentence motion and not an attempt to amend Appellant's PCRA petition or file a second PCRA petition.

This Court has held that any petition filed after the judgment of sentence becomes final should be treated as a PCRA petition if it requests relief contemplated by the PCRA. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1289 (Pa.Super. 2007). ***See also Commonwealth v. Torres***, 223 A.3d 715, 716 (Pa.Super. 2019) (stating, "so long as a pleading falls within the ambit of the PCRA, the court should treat any pleading filed after the judgment of sentence is final as a PCRA petition"). In ***Wrecks***, this Court held that the trial court correctly treated a petitioner's filing as a post-sentence motion and not a PCRA petition as the petition raised a challenge to the discretionary aspects of sentence and did not request relief cognizable under the PCRA.

Appellant's "Motion for Modification of Sentence *Nunc Pro Tunc*" again raises a challenge to the trial court's discretion to impose consecutive sentences, rather than concurrent sentences. "Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings." ***Wrecks***, 934 A.2d at 1289.

As Appellant was sentenced on December 10, 2021, the lower court was correct to deem Appellant's "Motion for Modification of Sentence *Nunc Pro*

*Tunc*" as an untimely post-sentence motion as it was filed over two years after sentencing. **See** Pa.R.Crim.P. 720(A)(1) (stating that post-sentence motions must be filed within ten days of sentencing). An untimely post-sentence motion does not toll the time period in which to file a direct appeal. **Wrecks**, 934 A.2d at 1289 (citing **Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 n. 1 (Pa.Super. 2003)). Thus, this Court lacks jurisdiction over Appellant's untimely appeal.[3] For that reason, we quash this appeal.

Appeal quashed. Application for Relief denied. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/26/2024

---

[3] Further, we note that Appellant raised a challenge to the trial court's discretion in imposing consecutive sentences in a timely filed motion for reconsideration of sentence. As discussed above, the trial court denied this motion and this Court affirmed the judgment of sentence. **See Commonwealth v. Angelillo**, 228 EDA 2022 (Pa.Super. August 23, 2022) (unpublished memorandum).