J-A28045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEANNA M. THOMPSON | : | |
| | : | |
| Appellant | : | No. 1376 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 8, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002162-2021

BEFORE: PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

MEMORANDUM BY LAZARUS, J.: **FILED FEBRUARY 21, 2023**

Deanna M. Thompson appeals from the judgment of sentence, entered in the Court of Common Pleas of Chester County, following her entry of a hybrid guilty plea. Thompson's counsel, Brian L. McCarthy, Esquire, has filed an application to withdraw as counsel and an accompanying **Anders**[1] brief. Upon review, we affirm Thompson's judgment of sentence and grant Attorney McCarthy's application to withdraw.

The trial court summarized the factual background as follows:

On September 4, 2019, it was reported to the Kennett Square Police Department that a burglary had occurred at 424 South Union Street, a property owned by Charles Thompson [(victim)]. At that time, [the victim] was incarcerated and the residence was vacant. Neighbors reported that [victim]'s sister, [defendant], had been seen at the residence shortly after the break-in was

---

[1] **Anders v. California**, 368 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

discovered. An investigation revealed that numerous items belonging to [the victim] were pawned by [the defendant] without [the victim's] permission. A further investigation revealed that [the defendant] fraudulently used [the victim]'s bank account to pay her personal expenses.

Trial Court Opinion, 7/12/22, at 1 (unpaginated).

Thompson was charged with one count each of dealing in proceeds of unlawful activities,[2] theft by unlawful taking,[3] receiving stolen property,[4] and access device fraud.[5] On January 26, 2021, Thompson filed a motion to suppress, but withdrew that motion prior to a hearing on February 1, 2021.

Subsequently, on December 17, 2021, Thompson entered into a hybrid guilty plea wherein she agreed to plead guilty to theft by unlawful taking and access device fraud. In exchange, the Commonwealth withdrew the remaining charges. There was no agreement as to sentencing. On December 17, 2021, the trial court conducted a guilty plea hearing at which it accepted Thompson's plea, deferred sentencing, and ordered the preparation of a pre-sentence investigation report (PSI).

On April 8, 2022, the trial court sentenced Thompson on her conviction for theft by unlawful taking to a period of 3 to 23 months in prison, followed by two years of probation. At her conviction for access device fraud, the trial court sentenced Thompson to four years of probation. Thompson's sentences

---

[2] 18 Pa.C.S.A. § 5111(a)(1).

[3] *Id.* at § 3921(a).

[4] *Id.* at § 3925(a).

[5] *Id.* at § 4106(a)(1)(iv).

were imposed consecutively, resulting in an aggregate term of 3 to 23 months in prison followed by 6 years of probation. The trial court also ordered that Thompson pay restitution to the victim, in the amount of $28,412.00, and that Thompson was to be paroled upon reaching her three-month minimum.

Thompson filed a timely post-sentence motion, which the trial court denied on April 21, 2022. Thompson filed a timely notice of appeal, and both Thompson and the trial court have complied with Pa.R.A.P. 1925. On appeal, Attorney McCarthy filed an **Anders** Brief. Thompson has not retained alternative counsel, nor has she filed a *pro se* response.

Before addressing Thompson's issue on appeal, we must determine whether Attorney McCarthy has complied with the dictates of **Anders** and its progeny in petitioning to withdraw from representation. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) ("When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Pursuant to **Anders**, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must:

> (1) petition the court for leave to withdraw[,] stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous[;] (2) file a brief referring to any issues in the record of arguable merit[;] and (3) furnish a copy of the brief to defendant and advise [her] of [her] right to retain new counsel or to raise any additional points that [she] deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the [C]ourt.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

After determining that counsel has satisfied the technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appears[,] on its face[,] to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

Instantly, our review of counsel's *Anders* brief and application to withdraw reveals that Attorney McCarthy has substantially complied with the technical requirements of *Santiago*. *See Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa. Super. 2007) (counsel must substantially comply with requirements of *Anders*). We note that counsel frames the issue in terms of whether it has merit. However, in the argument section, counsel identifies the potential issue to be raised, cites to the record where appropriate, and

- 4 -

concludes that the issue is frivolous. Additionally, counsel included the requisite Pa.R.A.P. 2119(f) statement for Thompson's claim, which challenges the discretionary aspects of her sentence. The record further reveals that counsel has furnished a copy of the **Anders** brief to Thompson, advised Thompson of her right to retain new counsel or proceed *pro se*, or raise any additional points that she deems worthy of this Court's attention. Thus, Attorney McCarthy has substantially complied with the requirements for withdrawing from representation and, therefore, we will examine the record and make an independent determination of whether Thompson's appeal is, in fact, wholly frivolous. **See Wrecks**, **supra**.

In the **Anders** brief, Attorney McCarthy raises one claim for our review, whether the trial court abused its discretion in sentencing Thompson. **Anders** Brief, at 15-17. However, Attorney McCarthy contends that this claim is ultimately frivolous because the trial court considered all mitigating factors, including the PSI, and sentenced Thompson leniently. **Id.**

Thompson's claim challenges the discretionary aspects of her sentence, from which there is no automatic right to appeal. **See Commonwealth v. Austin**, 66 A.3d 798, 807-08 (Pa. Super. 2013). Rather, when an appellant challenges the discretionary aspects of her sentence, we must consider her brief on this issue as a petition for permission to appeal. **Commonwealth v. Yanoff**, 690 A.2d 260, 267 (Pa. Super. 1997). Prior to reaching the merits of a discretionary sentencing issue,

[this Court conducts] a four-part analysis to determine: (1) whether the appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Thompson filed a timely notice of appeal, preserved her claim in a timely post-sentence motion, and properly included a Pa.R.A.P. 2119(f) statement in the ***Anders*** Brief. However, Attorney McCarthy has contended that the bald claim of abuse of discretion cannot satisfy the substantial question requirement to invoke this Court's jurisdiction. ***Anders*** Brief, at 15-17; ***see Moury***, ***supra***. We agree that Thompson has not raised a substantial question for this Court and, thus, her appeal is wholly frivolous.

Nevertheless, we review the merits of Thompson's claim as part of our independent review of the record. ***See Dempster***, ***supra***. Our review of the record reveals that, at sentencing, the trial court stated that it considered Thompson's pre-sentencing memorandum, letters from Thompson's and the victim's family, and acknowledged Thompson's community work. N.T. Sentencing Hearing, 4/8/22, at 23-25. The trial court also heard from the victim, who detailed the significant financial damage Thompson's actions

caused to him and his children.[6]  ***See id.*** at 10-18.  Additionally, the trial court expressly stated that it had considered Thompson's PSI, and that Thompson had no prior criminal record.  ***See id.*** at 1; ***see also Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988) (where sentencing court considered PSI, this Court presumes that it "[is] aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors").  Accordingly, Thompson's claim lacks merit.

Finally, our independent review of the record discloses no other "arguably meritorious issues that counsel, intentionally or not, missed or misstated."  ***Dempster***, 187 A.3d at 272.  As such, we grant Attorney McCarthy's application to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed.  Application to withdraw granted.

Judge Sullivan did not participate in the consideration or decision of this case.

---

[6] Although the victim was incarcerated at the time Thompson committed these offenses, Thompson nevertheless stole several thousands of dollars in family heirlooms, other valuables, and money from the victim's residence.  ***Id.*** at 15-18.  The victim indicated that all of these items and money were being saved for the future of his children after his passing.  ***Id.*** at 12-14.  The victim also detailed that Thompson illegally changed his mailing address to Jacksonville, Florida, and stressed to the trial court the difficulties he had in correcting that change.  ***Id.*** at 10-12, 14-16.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/21/2023</u>