J-S09022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA
                                 :
          v.                      :
                                 :
                                 :
SHAQUILE DESHIELDS          :
                                 :
          Appellant         :    No. 1804 EDA 2024

Appeal from the PCRA Order Entered June 7, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015567-2010

BEFORE:   LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:               **FILED MAY 13, 2025**

Shaquile DeShields ("DeShields") appeals pro se from the order entered by the Philadelphia County Court of Common Pleas dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  Because we conclude that DeShields' claims either lack merit or are not cognizable under the PCRA, we affirm.

On September 21, 2010, Seth Johnson ("Johnson") and another individual got into a physical altercation with Donte Everage ("Everage") over drug money.  The next day, Everage asked DeShields and Ronald Bazely ("Bazely"), both of whom worked for Everage, to "handle" Johnson for him.

---

[*] Former Justice specially assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541-9546.

Later that day, Bazely and DeShields confronted Johnson at a street corner near his home about his fight with Everage at which time Bazely pulled out a gun and fired several shots at Johnson, all of which missed. After Johnson fled, Bazely and DeShields waited near the same corner believing that Johnson would eventually return to area because it was on his way home. Roughly an hour later, Johnson returned to the same street corner. DeShields distracted Johnson while Bazely pulled up to the corner on a bicycle and shot Johnson. Johnson died later that night at Temple University Hospital.

On November 26, 2010, Philadelphia Police Detectives took DeShields to the Homicide Unit for questioning regarding Johnson's murder. Detective Philip Nordo gave DeShields his ***Miranda***[2] warnings, after which he confessed to his role in Johnson's death.

The PCRA court summarized the procedural history of this case as follows:

> On September 28, 2012, following a jury trial[, DeShields] was convicted of first[-]degree murder[,] conspiracy to commit first degree murder[,] and possessing an instrument of crime … ("PIC"). The [trial court] immediately imposed the mandatory sentence of life in prison for the murder conviction[,] as well as concurrent sentences of 15 to 30 years for criminal conspiracy, and 1 month to 2 years for PIC. [DeShields] timely appealed, and the Superior Court affirmed [his] judgment of sentence on July 9, 2014. [DeShields] did not petition the Pennsylvania Supreme Court for allocatur.
>
> [DeShields] filed a pro se petition under the PCRA on November 21, 2014. On May 19, 2015, Lee Mandell, Esquire,

_____

[2] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

- 2 -

entered his appearance as privately retained counsel for [DeShields]. On September 15, 2020, and March 2, 2022, [DeShields] filed an amended petition and supplemental amended petition, respectively, in which he claimed that he was entitled to relief due to: 1) trial counsel's ineffectiveness; and 2) after-discovered evidence of former Philadelphia Police Detective Philip Nordo's misconduct. The [PCRA court] scheduled an evidentiary hearing for September 6, 2022, to address these claims, but prior to the commencement of the hearing, [DeShields] and the Commonwealth reached an agreement to resolve the petition. Under that agreement, the Commonwealth agreed for [DeShields' original] judgment of sentence to be vacated in exchange for [his] agreement to plead nolo contendere to third[-]degree murder[,] conspiracy to commit third[-]degree murder, and PIC. There was no agreement as to sentence. The PCRA court accepted this proposed resolution, and on September 6, 2022, the [c]ourt vacated the September 28, 2012 judgment of sentence, and [DeShields] pled nolo contendere pursuant to the agreement.

On December 8, 2022, following a sentencing hearing, the [PCRA court] sentenced [DeShields] to 20 to 40 years[ of] incarceration for third[-]degree murder, along with concurrent sentences of 6 to 12 years for conspiracy and 1 to 2 years for PIC, for an aggregate sentence of 20 to 40 years[ of] incarceration. Following [his] sentencing, defendant filed a motion for reconsideration[,] which the Court denied on March 29, 2023.

On September 5, 2023, [DeShields] filed another pro se petition under the PCRA, [his first following his new judgment of sentence]. On September 19, 2023, Stephen O'Hanlon, Esquire, was appointed to represent [DeShields]. However, [DeShields] requested to represent himself, and on November 27, 2023, the [PCRA court] held a ***Grazier***[3] hearing, [after which it] relieved Mr. O'Hanlon, and permitted [DeShields] to proceed pro se. On January 2, 2024, [DeShields] filed [an amended PCRA petition]. On February 15, 2024, the Commonwealth filed a response addressing all of [DeShields'] claims. [DeShields] filed a reply to the Commonwealth's response … on March 11, 2024. On April 26, 2024, the [PCRA court] issued notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss [DeShields'] petition without an evidentiary hearing[. DeShields] responded to the [PCRA court]'s

_____

[3] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

>907 notice on May 10, 2024[.]  On June 7, 2024, the [PCRA court]
>dismissed [DeShields' petition].

PCRA Court Opinion, 9/11/2024, at 1-3 (footnotes omitted).  DeShields then timely appealed to this Court.

At the outset, we are compelled to point out that DeShields' brief fails to conform to Pennsylvania Rules of Appellate Procedure in several respects. For example, while the brief contains each of the subsections set forth in Rule 2111(a), DeShields has nevertheless failed to adhere to this provision, as those subsections are entirely out of order within the brief and the brief itself is unpaginated.  ***See generally*** DeShields' Brief; ***see also*** Pa.R.A.P. 2111(a). Additionally, DeShields has failed to observe Rule 2135, as his brief is more than 100 pages, and it contains no certification of compliance regarding the word count.  ***See generally*** DeShields's Brief; ***see also*** Pa.R.A.P. 2135 (a)(1) (requiring an appellate brief to include "a certificate of compliance with the word count limit if the principal brief is longer than 30 pages").  Furthermore, DeShields' fails to adhere to Rule 2119(a), which requires the appellant to divide the argument "into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."  Pa.R.A.P. 2119(a).  DeShields' argument section is a lengthy, rambling narrative in which he makes bald allegations of error by the trial and PCRA courts, bald allegations of misconduct by the Philadelphia Police Department, and provides

- 4 -

little, if any, legal analysis. Because of his failure to adhere to several of the rules of appellate procedure, DeShields' brief is difficult to follow and, in many respects, unintelligible.

The Pennsylvania Rules of Appellate Procedure require the parties to an appeal to submit briefs in conformity, in all material respects, with the requirements of the rules, as nearly as the circumstances of the particular case will admit. Pa.R.A.P. 2101. "This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003). We may also find issues waived where an appellant has failed to develop them in accordance with Rule 2119(a). **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("where an appellate brief fails to ... develop the issue in any [ ] meaningful fashion capable of review, that claim is waived"). We emphasize to DeShields that he chose to proceed pro se and "although this Court is willing to construe liberally materials filed by a pro se litigant, pro se status generally confers no special benefit upon an appellant." **Lyons**, 833 A.2d at 251-52. "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Commonwealth v. Vurimindi**, 200 A.3d 1031, 1037 (Pa. Super. 2018) (quotation marks and citation omitted). Nevertheless, out of an

abundance of caution, we will address the issues that we can discern from DeShields' brief that he also preserved before the PCRA court.

"We review the denial of PCRA relief by examining whether the PCRA court's conclusions are supported by the record and free from legal error." ***Commonwealth v. Johnson***, 289 A.3d 959, 979 (Pa. 2023). "[W]e defer to the factual findings of the post-conviction court, which is tasked with hearing the evidence and assessing credibility." ***Id.*** Our standard of review of a PCRA court's legal conclusions, however, is de novo. ***Id.***

From what we can ascertain, DeShields first argues that the Commonwealth unlawfully induced his nolo contendere plea by committing ***Brady***[4] violations. ***See*** DeShields' Brief at 25-27, 42-44, 72 (unpaginated). He asserts that the Commonwealth improperly withheld from him a police misconduct notice regarding Officers Patrick Biles, who worked on the crime scene of Johnson's shooting, until well after he made his plea. ***See id.*** He also asserts that the Commonwealth failed to turn over to him notes from the interview of Xavier Miller ("Miller"), an individual who implicated DeShields in Johnson's death during the police investigation of the shooting. ***See id.*** at 44, 72 (unpaginated). DeShields baldly asserts that the evidence of the misconduct of Officer Biles and notes from the interview of Miller would have proven both his and Bazely's innocence, and the PCRA court therefore should

---

[4] ***Brady v. Maryland***, 373 U.S. 83 (1963).

have permitted him to withdraw his nolo contendere plea. *See id.* at 25-27, 42-44, 72 (unpaginated).

A petitioner may obtain relief pursuant to the PCRA by proving that his guilty plea was "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii). In *Brady*, the United States Supreme Court held that "suppression by the prosecution of favorable evidence to an accused upon request violates due process where the evidence is material either to guilt or to punishment[.]" *Brady*, 373 U.S. at 87. There are three necessary components of a *Brady* violation: "[1] the evidence was favorable to the accused, either because it is exculpatory or because it impeaches; [2] the evidence was suppressed by the prosecution, either willfully or inadvertently; and [3] prejudice ensued." *Commonwealth v. Conforti*, 303 A.3d 715, 725-26 (Pa. 2023).

We begin with the claim related to Officer Biles. The record reflects that on September 6, 2022, the PCRA court vacated DeShields' original judgment of sentence for first-degree murder and that he entered his nolo contendere to plea to third-degree murder. The record further reflects that the Commonwealth sent DeShields a misconduct disclosure notice for Officer Biles by letter dated December 13, 2023, which informed him that Officer Biles had allegedly engaged in misconduct in an unrelated matter. *See* Supplemental PCRA Petition, 1/5/2022. DeShields, however, has not explained the

misconduct allegations against Officer Biles nor has he made any allegations of misconduct against him in this case. *See id.* Additionally, DeShields has failed to establish that the Commonwealth suppressed, intentionally or otherwise, the allegations of misconduct against Officers Biles. *See id.*

With respect to notes from the interview of Miller, DeShields has failed to prove that the notes actually exist or that police ever interviewed Miller. Indeed, the Commonwealth maintains that no such notes exist, as Miller mostly did not cooperate with police and never testified at DeShields' trial. *See* Commonwealth's Brief at 17-18. Furthermore, even if such notes did exist, DeShields does not explain how they would be beneficial to his case or prove his innocence.

DeShields has therefore entirely failed to demonstrate that the Commonwealth committed a *Brady* violation, either with respect to his claim relating to Officer Biles alleged misconduct or Miller's interview notes, as there is no support in the record for his claims that the Commonwealth withheld from him evidence that was beneficial to his case. *See Conforti*, 303 A.3d at 725-26. Consequently, he likewise has failed to establish that the Commonwealth unlawfully induced his guilty plea by committing *Brady* violations. Thus, this claim does not entitle DeShields to relief.

DeShields further appears to argue that the trial court abused its discretion by imposing a statutory maximum sentence for third-degree murder without consideration of mitigating factors. *See* DeShields' Brief at 47-54

(unpaginated). This presents a challenge to the discretionary aspects of DeShields' sentence. *See Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015) (finding that an excessive sentence claim—in conjunction with an assertion that the trial court failed to consider mitigating factors—is a claim implicating the discretionary aspects of sentencing). It is well settled, however, "that challenges to the discretionary aspects of sentencing are not cognizable under the PCRA." *Commonwealth v. Gibson*, 318 A.3d 927, 936 (Pa. Super. 2024); *see also Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa. Super. 2007) (same). This claim must therefore fail.

Because we cannot discern any additional issues from DeShields' brief and both issues we have addressed lack merit, we affirm the order dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/13/2025